UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MITCHEL MELENDY,

    Plaintiff,

v.                                                Case No. 8:22-cv-356-TPB-AEP

SAMUEL BOUNDY, *et al.*,

    Defendants.
_____/

## ORDER

Melendy filed a civil rights complaint but neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. Consequently, this action is reviewed as if Melendy moves for leave to proceed *in forma pauperis*. Melendy is barred from proceeding *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Melendy's actions that qualify as a "strike" under Section 1915(g) include *Melendy v. Sheriff Nocco*, 8:21-cv-664-KKM-AEP; *Melendy v. Mizelle*, 8:21-cv-2955-SDM-TGW; *Melendy v. Bui*, 8:22-cv-355-CEH-AAS, and most recently, *Melendy v. Pasco County Court*, 8:22-cv-1336-TPB-JSS, which was dismissed under the three-strikes provision in Section 1915(g).

In the present civil rights complaint Melendy attempts to sue two state judges in Pasco County, three state judges on Florida's Second District Court of Appeal, and two private citizens based on an allegation of fraudulent conversion of real estate in which he has an ownership interest. Because he has had three or more dismissals that qualify under Section 1915(g) and because he is not under imminent danger of serious physical injury, Melendy is not entitled to proceed *in forma pauperis*. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation."). This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Melendy

may initiate a new civil rights action by both filing a civil rights complaint and paying the $402.00 filing fee.

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. 1915(g) and without prejudice to a new action, a new case number, and the payment of the $402.00 filing fee. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on __8/29__, 2022.

THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE